### DENNISON *v.* BROWN *et al.*

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

DEPOSITION—MOTION TO SUPPRESS.

    Code Civil Proc. N. Y. §§ 871–873, provide for taking the deposition of a witness not a party to the action, in certain cases, on the applicant's making a certain prescribed affidavit. Section 882 provides that such deposition cannot be read in evidence until it is proved that the witness is absent from the state, so that his attendance could not be compelled with reasonable diligence, by subpœnā; and section 883 provides that such deposition will have the same effect when read in evidence that the oral testimony of the witness would have, and that the same objections as to competency and credibility may be made as if the witness were present. *Held* that, where a deposition of a witness not a party was taken on an order granted on a sufficient affidavit, the adverse party being allowed great latitude in examining the witness, a motion made by such party more than two months after the examination, and after the witness had left the state, to vacate the order and suppress the deposition, should be denied.

Appeal from special term, Fulton county.

Action by James A. Dennison against Rice A. Brown, Andrew Booth, and Tiley Conover Morford. Plaintiff obtained an order to take the deposition of a witness, one Eva Brumfield, and after taking such deposition it was suppressed, and the order vacated, on defendants' motion. Plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Leslie W. Russell* and *J. M. & H. Dudley,* for appellant. *George W. Carr,* for respondents.

INGALLS, J. The order directing the examination of Eva Brumfield as a witness before the trial of the action was applied for by the plaintiff, and granted by a justice of the supreme court, and the order directed that such examination should be taken before a referee, who was appointed for that purpose. Such examination was taken, and the deposition was signed by the witness, who was not a party to the action. Upon the application of the defendants, the special term vacated such order, and suppressed the deposition, and the plaintiff has appealed to this court from such order of the special term. The order for the examination was applied for by the plaintiff, and granted by the justice, pursuant to sections 871–873[1] of the Code of Civil Procedure. The affidavit upon which such order was granted seems to have been in all respects sufficient, and justified the granting of such order. It states, among other things, that said Eva Brumfield was a necessary and material witness for the plaintiff upon the trial of the action, and states wherein, and that the application was made in good faith. The affidavit contains the following: "(9) Deponent further says that the said Eva Brumfield is about to leave the state of New York, to take up her residence in the city of Los Angeles, Cal., on account of her health, and that she intends remaining there for probably a year, and perhaps longer; that she has accepted employment in said city which binds her to continue for at least a year; that she is now making her preparations to depart the state for the purposes aforesaid, and will in a very few days be ready to leave, and intends, as soon as her preparations are completed, to immediately depart; that deponent knows the above facts by being informed by said Eva Brumfield of her intention to depart the state, and the terms of her contract, and by seeing her preparations for such departure; that she has been engaged in keeping a boarding-house at No. 12 West Forty-Sixth street, New York city, where deponent and his family have

[1] These sections provide for granting an order to take the depositions of witnesses not parties to the action, on the applicant's presenting a certain prescribed affidavit.

boarded; that she has closed said house, and sent away her boarders, and is evidently nearly ready to leave as aforesaid; that, at deponent's earnest solicitation, she has consented to remain a few days longer, for the purpose of giving her evidence in this action, if the same can be taken in the manner provided for by the Code of Civil Procedure." Upon the examination of the witness before the referee the parties were represented by counsel, and at its close the deposition was signed by the witness, on the 3d day of May, 1888. After the witness had departed for California, and about two and a half months after the close of the examination, the application was made by the defendants to vacate said order, and to suppress the deposition, which was granted by the special term, July 31, 1888. The action was referred to a referee for trial, and the trial commenced on the 5th day of July, 1888. It seems quite apparent that the testimony of such witness would be pertinent and material for the plaintiff upon the trial of the action. The deposition could not be read as evidence at the trial until the plaintiff had satisfactorily proved that such witness was absent from the state, so that her attendance could not with reasonable diligence be compelled by subpœna. Section 882, Code. Such deposition would only have the same effect when read in evidence as the oral testimony of the witness would have, and subject to objection on the ground of the want of competency or credibility of such witness; or in regard to the relevancy or substantial competency of a question put to such witness, or of an answer given by such witness. Such objections can be made at the trial with like effect as though the witness were there personally examined, and without the noting of such objection upon the deposition. Section 883, Code.

The deposition shows that the defendants were allowed great latitude in the examination of such witness, not only in regard to the subject-matter involved in the action, but also in reference to the matrimonial and other affairs of the witness, as bearing upon her credibility as a witness. The witness stated, in response to the questions put to her by the defendants' counsel, as to the time she purposed to start for California, that she intended to start on the Thursday following, and that she purposed to remain there at least a year. The following questions were asked by the defendants' counsel, which, under advice, the witness refused to answer, and the referee decided that under the circumstances she should not be required to answer the same. The questions and the rulings of the referee are at folio 377, as follows: "*Question.* You say you are about to leave the state? *Answer.* Yes. *Q.* When are you going? *A.* Thursday. *Q.* Have you a ticket? *A.* Not yet. *Q.* Where are you going? *A.* To California. *Q.* What part of California? *A.* Los Angeles. *Q.* Are you going to reside there? *A.* Expect to, for a time. *Q.* For how long? *A.* I don't know. *Q.* Are you going on a visit? *A.* I am going on business. *Q.* What business? *Mr. Dennison.* You need not answer, unless you have a mind to. *A.* Then I decline to answer; it is my personal business; nothing to do with Morford & Brown whatever. My reason for declining is, I cannot see that it relates to the matter in hand at all. *Q.* Is the business that you are going on certain to keep you there any definite length of time? *A.* No. *Q.* Are you under any arrangement to remain there any definite length of time? *A.* I think I will remain there a year, any way. *Q.* Are you under any arrangement to remain there a year? (Plaintiff objects to the question, upon the ground that it does not touch the matter at issue here, and is not relevant to the issue. It is her private business. She cannot be forced to disclose her private contracts, etc.; and I ask a ruling from the referee on it. *The Referee.* The referee decides such a question on behalf of the defendants is improper before him at this hearing, upon the ground (1) that the order upon which this examination is now proceeding before him as referee states that the witness is to submit to an examination concerning the matters relevant to the issues in this matter; and (2) upon the ground

that such question has no bearing whatever upon the credibility of the witness; and, further, that the matter or matters sought to be inquired into by such question are solely proper for the counsel to bring out before the court, and not before me as referee. Mr. Carr excepted to the ruling.) *Q.* When do you expect to return to this state? (Same objection, ruling, and exception.) *Q.* Have you perfected your arrangements for leaving this state? (Same objection and ruling.) *Q.* Do the arrangements which you have made for leaving the state necessitate your leaving on Thursday? *A.* Yes. *Q.* Do the arrangements which you have made include the way in which you shall go to California? (Same objection, ruling, and exception.) *Q.* Are you about to leave the state to reside permanently out of the state? (Same objection, ruling, and exception.) *Q.* When did you express your intention to Mr. Dennison of leaving the state? (Same objection, ruling, and exception.) *Q.* Do you still run the house in West Forty-Sixth street? (Plaintiff objects, on the ground that it has nothing to do with the matters in issue here. The value cannot be affected by what she does now. It is a matter pertaining to her business entirely. *The Referee.* I fail to see how the question is pertinent. I rule that the question is improper. Mr. Carr excepts.) *Q.* Where do you now reside? *A.* I don't know how to answer that question. I can tell you where I expect to stay to-night. I am going about, visiting my friends. I have sworn that I am going to California on Thursday. It is my intention. I am going to Brooklyn to-night. *Q.* Have you ever resided in Los Angeles? *A.* This winter I have been there; I have just come from there. *Q.* You hadn't been there prior to this winter? *A.* No."

Considering the latitude of examination allowed by the referee to the counsel for the defendants, as appears by the deposition, and the nature of the action, and of the questions which were propounded to the witness, and which she declined to answer; and keeping in mind the right of the defendants to object at the trial to the receiving of such deposition, and the further right to object to questions and answers contained therein, upon the grounds specified in the provisions of the Code to which reference has been made; and regarding also the great delay on the part of the defendants in making the motion to vacate the order, and to suppress the deposition,—we are satisfied that the learned justice at special term was not justified in granting the order appealed from. We have seen that the Code secures to a party the right, upon a sufficient application, to an order directing the examination of a witness who is about to depart from the state; and when such order has been regularly granted, and the examination thereunder has been taken, in the presence of the respective parties to the action or their counsel, and the deposition has been signed by the witness, who thereafter has departed from the state, and therefore is beyond the jurisdiction of the court to compel the attendance of such witness at the trial, the facts should disclose a very clear case to justify the court at special term in vacating such order, and suppressing the deposition. We are constrained to hold that the defendants failed to make a case at special term which justified the order appealed from. We cannot doubt the power of this court to review such order of the special term, even though it only involved the inquiry whether judicial discretion had been properly exercised in making the order complained of. We conclude that the order of the special term should be reversed, with $10 costs and disbursements for printing. All concur.